```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION

ALANI OLUSEGUN ARAWOLE,           §
(BOP #32837-037)                  §
VS.                               §  CIVIL ACTION NO.4:04-CV-506-Y
                                  §
LINDA HEMINGWAY,                  §
Chief Therapist                   §
Rehabilitation Department,        §
FMC--Fort worth, et al.           §
```

OPINION AND ORDER OF PARTIAL DISMISSAL UNDER
28 U.S.C.§§ 1915A (b)(1) and 1915(e)(2)(B) and,
  ORDER RE: COMPLETION AND SERVICE OF SUMMONS
(With Special Instructions to the Clerk of Court)

Plaintiff Alani Olusegun Arawole was previously permitted to proceed in the above-styled and numbered cause pursuant to 28 U.S.C. § 1915 by the magistrate judge, and he was ordered to pay the full filing fee required by the Prison Litigation Reform Act (PLRA). By a separate order issued this same day, the Court vacated a prior order of dismissal entered in this case, and allowed Arawole to file a supplemental complaint. The Court has now reviewed both Arawole's complaint along with the supplemental complaint in this matter. Arawole names three defendants: Linda Hemingway, a physical therapist with the rehabilitation department at FMC--Fort Worth, in her individual and official capacity; FMC--Fort Worth; and Harley Lappin, Director, Bureau of Prisons. (Compl. Style; Supp. Compl. § 2.) Arawole complains that Hemingway took from him open-toed sandals that he was authorized to wear in another institution, and that he was initially authorized to wear at FMC-Fort Worth, and did not provide him a suitable open-toed

alternative shoe. (Compl. § V; attachment pages; Supp. Compl. § 6(A).) Arawole alleges that he required open-toe-style shoes because of foot ulcers and broken toes, and that as a result of not having such shoes, he was required to be transported in a wheelchair and ultimately suffered with his feet swelling, which "burst open." (Compl.; attachment pages.) He alleges that as a result of not having the shoes, and not having the "proper equipment for his disability," he was forced to be transported to Baltimore and placed in a hospital for three months, and that he suffered emotional distress and mental anguish. (Compl.; attachment pages; Supp. Compl. Cause of Action § 1.) Arawole also contends that although he was originally assigned a wheelchair with proper attachments to elevate his legs, when that chair was damaged, Hemingway would not provide him a large enough wheelchair with proper adjustments, and forced him to use a too-small wheelchair without attachments. (Cupp. Compl. § 6(B).) Arawole alleges that with the regard to the transport to Baltimore, he was not provided a wheelchair, and was forced to walk great distances causing his left foot to swell and to start the formation of an ulcer. (Supp. Compl. § 6 (C).) Arawole alleges that Hemingway was deliberately indifferent to a serious medical need in violation of the Eighth Amendment to the Constitution, and he alleges that she retaliated against him for requesting assistance for his feet by removing the sandals and not providing him a proper fitting wheelchair. (Supp.

Compl. Cause of Action § 1-4.) He also alleges that he is entitled to relief under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act of 1973 ("Rehabilitation Act"). (Compl.; attachment pages; Supp. Compl. Cause of Action § 3.) Arawole seeks compensatory and punitive damages from each defendant. (Compl. § VI; Supp. Compl., Prayer.)

*Screening*

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive

---

[1] *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West Supp. 2005).

[2] *See* 28 U.S.C.A. § 1915(e)(2)(West Supp. 2005); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3] *See* 28 U.S.C.A. § 1915A(a)(West Supp. 2005).

3

pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] After review and consideration of Arawole's claims in this suit, the Court finds and determines that many claims and parties must be dismissed under the authority of these provisions.[6]

Arawole asserts a violation of Title II of the ADA,[7] which prohibits discrimination against the disabled by a public entity. But as the definition of "public entity" does not include the federal government,[8] Title II of the ADA has been found to not cover the Bureau of Prisons ("BOP").[9] Furthermore, persuasive authority holds that individuals may not be sued under the

---

[4]*See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5]*Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[6]As a result of the reopening of this case, a motion for appointment of counsel is pending. Plaintiff apparently seeks appointment of counsel pursuant to the provisions of 28 U.S.C. § 1915(e)(1). Section 1915(e)(1) authorizes the Court to request an attorney to represent a plaintiff proceeding under that statute. There is no absolute right to an attorney in such cases, however, and a motion for appointment of an attorney under § 1915 should not be granted absent exceptional circumstances. *Vinson v. Heckmann*, 940 F.2d 114, 116 (5th Cir. 1991); *Hulsey v. Texas*, 929 F.2d 168, 172 (5th Cir. 1991); *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261(5th Cir. 1986). At this time, the Court finds that Plaintiff's request for an appointed attorney should be denied, as the Court has been presented with insufficient reasons justifying the appointment of counsel in this case. It is therefore, ORDERED that Plaintiff's July 6, 2004, motion to appoint counsel [docket no. 4] be, and is hereby, DENIED.

[7]42 U.S.C.A. §§ 12131-12165 (West 1995 and West Supp. 2005).

[8]42 U.S.C.A. § 12131(1)(A)-(C)(West Supp. 2005).

[9]*Crowder v. True,* No. 97-C-7427, 1993 WL 532455, at *5 (N.D.Ill. Dec. 21, 1993), *reconsid. granted in part,* 845 F.Supp. 1250(1994), *aff'd,* 74 F.3d 812 (1996); *see also Sarvis v. United States,* 234 F.3d 1262, 2000 WL 1568230, at *2 (2nd Cir. Oct. 19, 2000)(unpublished).

4

provisions of Title II of the ADA.[10] Thus, BOP employee Hemingway is not subject to suit under Title II of the ADA. Accordingly, Arawole's claims under the ADA must be dismissed under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) and (ii).

Arawole's claims under the Rehabilitation Act suffer similar deficiencies. Although he has not specified the language he relies upon, Section 504(a) of the Rehabilitation Act, 29 U.S.C. § 794(a), provides that no qualified individual with a disability shall be excluded from participation in, denied benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance, or activity conducted by any executive agency.[11] Although the remedy provision of the Rehabilitation Act provides for monetary damages for "any act or failure to act by any recipient of federal assistance or Federal provider,"[12] in interpreting this language, the Supreme Court determined that Congress only intended to waive sovereign immunity against monetary damages for the "narrow category of § 504(a) violations committed by federal funding agencies acting as such-that is, by Federal provider[s]."[13] In other words, because the remedy provision did

---

[10] See Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999), cert. granted, 528 U.S. 1146, cert. dismissed, 529 U.S. 1001 (2000); see also Montez. Et al., v. Romer, et al., 32 F.Supp. 2d 1235, 1240-41 (D.Colo. 1999)(concluding that individual defendants in their individual capacities are not properly subject to suit under the Rehabilitation Act or the ADA).

[11] 29 U.S.C.A. § 794(a)(West Supp. 2005).

[12] 29 U.S.C. A. § 794a(a)(2)(West 1999).

[13] Lane v. Pena, 518 U.S. 187, 192-93 (1996).

5

not make reference to any "programs or activities," the Supreme Court declined to read the phrase "Federal provider" to include a waiver of damages for anything more than funding activities.[14] As a result, any claims for monetary damages under the Rehabilitation Act for alleged discrimination under any program or activity against the Bureau of Prisons or its director are shielded by sovereign immunity. Furthermore, the Fifth Circuit has held that an individual may not be sued in his or her individual capacity under the Rehabilitation Act,[15] rendering such claims under the Rehabilitation Act against defendant Hemingway without merit. Therefore, all claims under the Rehabilitation Act must be dismissed under authority of 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) and (ii).

*Service of Remaining Claims upon Hemingway*

As a result of the supplemental complaint, Arawole has now asserted that his factual allegations against defendant Hemingway amount to violations of the Constitution. The Court has construed these claims under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 297 (1971).[16] Arawole has also

---

[14]*Id.* at 193.

[15]*Lollar v. Baker,* 196 F.3d 603, 609 (5th Cir. 1999). Other courts have also found that the Rehabilitation Act does not permit actions against persons in an individual capacity. *See Hiler v. Brown,* 177 F.3d 542, 545-46 (6th Cir. 1999); *see also Montez,* 32 F. Supp. 2d. at 1241.

[16]*Bivens,* of course, is a counterpart to 42 U.S.C. § 1983, and extends the protections afforded under § 1983 to parties injured by federal actors. *See Evans v. Ball,* 168 F.3d 856, 863 n. 10(5th Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983--the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials"), *abrogated on other grounds by Castellano v. Fragozo,* 352 F.3d 939, 948-49 & n.36 (5th Cir. 2003)(en banc).

6

clarified in the supplemental complaint that he seeks to maintain a claim under the Federal Tort Claims Act ("FTCA") for the actions of Hemingway, and he contends that Hemingway was acting within the scope of her employment.[17] Under 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(2), the Court finds that Plaintiff is entitled to have the summons, complaint, and supplemental complaint served upon remaining defendant Hemingway by a United States marshal or Deputy United States marshal. In order to serve the complaint and supplemental complaint, Plaintiff must fill out and return to the clerk of Court one Form 285 and two summons forms. The Court will direct the clerk of Court to provide the Forms 285 and the summons forms to Plaintiff. Upon their return, the clerk will then forward the completed summons forms and the completed Forms 285 to the marshal for service.[18]

*Order*

It is therefore **ORDERED** that all of Plaintiff's claims under the Americans with Disabilities Act, all claims under the Rehabilitation Act of 1973, all claims against Harley Lappin, and all claims against FMC-Fort Worth, be, and they are hereby, **DISMISSED WITH**

---

[17] As FMC-Fort Worth is not a proper party to a suit under either *of Arawole's* remaining claims under *Bivens* or the FTCA, it must be dismissed.

[18] If Arawole takes the requisite steps to provide information sufficient to complete service of process upon Hemingway, as set forth below, the Court is confident that, once served, Hemingway will take the steps required under 28 U.S.C. §§ 2679(c) and (d), in order for this Court to determine whether the United States will be substituted as a party defendant as to some claims. Under the Federal Employees Liability Reform and Tort Compensation Act of 1988 (commonly known as the Westfall Act), if an individual defendant is found to have been acting in the scope of their employment for the United States when committing any negligent or wrongful act or omission, the United States is automatically substituted as a party. *See Rodriguez v. Sarabyn,* 129 F.3d 760, 764 (5th Cir. 1997)*, citing* 28 U.S.C.A. § 2679(b)(West 1994).

7

**PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1) and alternatively, pursuant to 28 U.S.C.§ 1915(e)(2)(B)(i) and (ii).

It is further ORDERED that the clerk of Court mail to Plaintiff appropriate and sufficient forms to facilitate service of the summons, complaint, and supplemental complaint on defendant Linda Hemingway. Plaintiff is advised that it is his responsibility to complete the summons forms with correct information as to the name and appropriate address for service upon defendant.[19]

It is further ORDERED that Plaintiff shall, if he wishes to proceed with this action, complete the summons forms and Form 285 and return them to the clerk within 30 days of the date of this order. Failure of Plaintiff to complete the forms and to timely return same to the clerk will result in the dismissal of the remaining claims in this action without further notice for lack of prosecution.[20]

It is further ORDERED that upon receipt of the completed forms, the clerk of Court is ORDERED to issue summons for defendant Linda Hemingway with attached thereto a copy of the July 6, 2004, complaint, the July 2005, Supplemental Complaint, and this order, and forward them to the United States marshal for service.

It is further ORDERED that upon receipt of the appropriate forms completed by Plaintiff, the summonses and copies of the complaint, supplemental complaint and this order shall be served upon remaining

---

[19] Although the officers of the Court will issue and serve process, they are not authorized to research the proper identity of parties and/or the service address of a party.

[20] *See* FED. R. CIV. P. 41(b).

8

defendant Hemingway by the United States marshal or Deputy United States marshal.

    SIGNED July 7, 2005.

                                       */s/ Terry R. Means*
                                  TERRY R. MEANS
                                  UNITED STATES DISTRICT JUDGE