IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ALANI OLUSEGUN ARAWOLE, | § | |
| (BOP #32837-037) | § | |
| VS. | § | CIVIL ACTION NO.4:04-CV-506-Y |
| | § | |
| LINDA HEMINGWAY, | § | |
| Chief Therapist, | § | |
| Rehabilitation Department, | § | |
| FCI--Fort Worth, et al. | § | |

OPINION AND ORDER
GRANTING MOTION TO SUBSTITUTE UNITED STATES; GRANTING MOTION
TO DISMISS, IN PART; DENYING MOTIONS FOR LEAVE; and
PROVIDING PLAINTIFF AN OPPORTUNITY TO AMEND COMPLAINT

Plaintiff Alani Olusegun Arawole proceeds in this case under 28 U.S.C. § 1915 and, as he sought redress against a government entity and employees, the court has already dismissed several claims and parties under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) and under 28 U.S.C. § 1915A(b)(1). Pursuant to orders of this Court, the live pleadings are Arawole's July 6, 2004, form complaint, and his July 7, 2005, supplemental complaint. Excluding the claims and defendants already dismissed, here Arawole asserts claims under the Federal Tort Claims Act ("FTCA") and alleges violations of his constitutional rights arising out of the failure to provide to him open-toed shoes, a certain kind of wheelchair, and any wheelchair at all while he was in transit to and within Baltimore for a hearing.  Arawole also alleges that defendant Hemingway violated his constitutional rights by retaliating against him.

Now pending before the Court are several motions related to the status of the pleadings and the appropriate parties to this

action. The government has filed a motion to substitute the United States of America for defendant Linda Hemingway on the claims under the Federal Tort Claims Act ("FTCA"), along with a brief in support, and an appendix in support.  The defendants also filed a motion to dismiss, along with a brief in support and an appendix. Arawole filed a document on January 6, 2006, entitled "motion of response," which the Court has construed as a combined response to the motion to substitute and the motion to dismiss.  Arawole filed on January 6 a motion for leave to file a supplemental and updated complaint, without the proposed filing attached, but he then filed essentially the same motion again on January 18, this time with a forty-five-page proposed "supplemental complaint" attached thereto. The defendants filed a response to Arawole's motion for leave, and Arawole then filed a reply.

*Substitution*

The Court considers first the motion to substitute. Arawole has raised a claim under the FTCA for the actions of defendant Linda Hemingway. The FTCA provides that the jurisdiction authorized under 28 U.S.C. § 1346(b) for civil actions for loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his employment, is an exclusive remedy against the

United States.[1] Any other tort action against the employee is precluded, although a civil action against a government employee brought for a violation of the Constitution is not.[2] The United States is to be substituted as the party defendant on the FTCA action in any suit where the attorney general certifies that the employee defendant was acting within the scope of his employment.[3] In this case, the United States attorney, Richard B. Roper, by delegation of the attorney general, has certified that Linda Hemingway was acting within the scope of her employment. Thus, the motion to substitute will be granted, and the United States will be substituted for Linda Hemingway as to the plaintiff's FTCA claims.

*Dismissal--FTCA Claims*

The United States is immune from suit unless it consents to be sued, and the terms of such consent, or waiver of its sovereign immunity, "define [the] Court's jurisdiction to entertain the suit."[4] The Supreme Court has recognized that "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied."[5] One of the prerequisites to filing suit under the FTCA is that the

---

[1] 28 U.S.C.A. § 1346(b)(West Supp. 2006);28 U.S.C.A. § 2679(b)(1)(West 1994).

[2] 28 U.S.C.A. §§ 2679(b)(1) and (2)(A)(West 1994).

[3] 28 U.S.C.A. § 2679(d)(2)(West 1994).

[4] *United States v. Testan,* 424 U.S. 392, 399 (1976).

[5] *Lehman v. Nakshian,* 453 U.S. 156, 161 (1981)(citations omitted).

claimant must have first presented the claim to the appropriate federal agency, and have obtained either a written denial or have waited six months after filing, whereupon the agency decision may be deemed a final denial.[6] Thereafter, the complainant's suit must be commenced within six months of the date of mailing of the notice of final denial by the agency to which the claim was presented.[7] The six-month limitations period begins the day after the denial notice is sent and expires at the conclusion of the day before the same calendar date six months later.[8]

The government argues that, as to Arawole's claims for which he sought administrative review, he has filed this suit beyond the six-months deadline, and that the Court is thus without subject-matter jurisdiction. Arawole provided as an attachment to his complaint the December 1, 2003, final denial letter from the Bureau of Prisons ("BOP") regarding his claims for Hemingway's failure to provide him open-toed shoes. This suit was file-stamped by the clerk of Court on July 6, 2004.[9] But under the mailbox rule, it is deemed filed as of the date that Arawole submitted it to prison

---

[6]28 U.S.C.A. § 2675(a)(West 1994).

[7]28 U.S.C.A. § 2401(b)(West 1994).

[8]*Scott v. United States Veteran's Admin.,* 929 F.2d 146, 147 (5th Cir. 1991), *citing Vernell v. United States Postal Service,* 819 F.2d 108, 111 (5th Cir. 1987).

[9]This case was opened as a new civil action after Arawole filed a motion to reopen with a complaint attached thereto in a prior suit, as discussed in the text below.

authorities for forwarding to the clerk of Court.[10] Arawole certified that he placed this suit in the mailbox at his institution on June 28, 2004. Accordingly, it will be deemed filed that day, a date several weeks beyond the six-months deadline.

Arawole notes that he filed a prior suit in this Court raising many of the same claims, including the "open-toed-shoe" claim at issue here. Arawole did, in fact, file suit on December 15, 2003, in case number 4:03-CV-1464-Y, *Arawole v. Heimanway.* After the entry of initial orders to assess and authorize the collection of the filing fee under the Prison Litigation Reform Act ("PLRA"), this Court directed Arawole, on February 4, 2004, to file an amended form complaint. Arawole sought an extension, which the Court granted until April 1, 2004, but Arawole never filed the amended complaint. On April 20, 2004, Arawole's suit was dismissed for lack of prosecution based upon Arawole's failure to file the complaint or otherwise respond to the Court's order. On July 6, 2004, the Court denied Arawole's motion to reopen the suit, but directed that the complaint submitted with his motion be opened as a new civil action, which became the instant suit.

Arawole argues, without so characterizing it, for tolling of the six-month limitations period while the prior suit was pending. This argument must fail for several reasons. First, it is well

---

[10]*Cooper v. Brookshire,* 70 F.3d 377, 378 (5th Cir.), *reh'g en banc den'd,* 77 F.3d 481 (5th Cir. 1995).

settled that a dismissal without prejudice for failure to prosecute does not toll the statute of limitations.[11] In *Lambert v. United States,* the court of appeals expressly rejected the claim that an individual should receive equitable tolling credit for a prior suit filed timely under the FTCA within six-months of administrative denial, but dismissed for failure to prosecute because the Plaintiff had not obtained sufficient service upon the proper defendants, when the same claims were later refiled outside the six-month period.[12] Based on this precedent, it does not appear that equitable tolling should apply.

Furthermore, even if Arawole is extended undeserved consideration under principles of equity, he is not entitled to such tolling. When Arawole sought to reopen the prior case, he provided a document prepared by his case manager indicating that Arawole was hospitalized for three weeks in March and April 2004. (Compl.; Martin Weinfuss Memorandum attachment.) That document was dated May 7, 2004, but, without explanation, not submitted to the Court until June 28. Likewise, Arawole has never shown why he delayed from the April 20 dismissal of the prior suit until June 28 to file the new complaint.

---

[11]*See Williams v. Cook,* 264 F.3d 1142 (5th Cir. 2001)("While the filing of an action normally tolls the statute of limitations, its dismissal without prejudice leaves the plaintiff in the same position as if the action had never been filed"), *citing Lambert v. United States,* 44 F.3d 296, 298-300 (5th Cir. 1995).

[12]*Lambert,* 44 F.3d at 299-300.

Finally, a review of the claims made in the prior suit does not include any reference to the "Federal Tort Claims Act," the "FTCA" or any of its statutory citations, and there is no textual support for an intent to bring suit under the FTCA. (*Arawole v. Heimanway,* 4:04-CV-1464-Y, Dec. 15, 2003 Complaint.) Although Arawole attached to the complaint his denial-of-claim letter from the BOP, the complaint itself did not indicate that Arawole was trying to file an FTCA action. Rather, Arawole's initial claims arising out of the "denial-of-open-toed-shoes" issue were for violations of the Americans with Disabilities Act and the Rehabilitation Act of 1973. Thus, Arawole is not entitled to tolling credit for the prior suit filed in this Court.

With regard to any claims under the FTCA based upon an alleged denial to provide Arawole a wheelchair or to provide him an adequate wheelchair, Arawole has wholly failed to show that he sought administrative review of such claim or obtained a final denial from the BOP as required under 28 U.S.C. § 2675(a).

Thus, after review and consideration of the motion to dismiss and response, the Court concludes that all of Arawole's claims under the FTCA must be dismissed for lack of subject-matter jurisdiction.

*Dismissal--42 U.S.C. § 1997e(a) Exhaustion*

Defendant Hemingway also has moved to dismiss Arawole's claims against her for violation of constitutional rights under *Bivens* v.

7

*Six Unknown Named Agents of the Federal Bureau of Narcotics ("Bivens")*[13] on the basis that he has failed to exhaust administrative remedies.  In addition to the specific requirement of administrative review as a pre-condition to filing an FTCA claim discussed above,[14] the PLRA now requires that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[15]  In *Booth v. Churner,* 532 U.S. 731 (2001), the Supreme Court held that Congress intended a prisoner to invoke whatever administrative grievance remedies are available within a jail or prison, without regard to whether the grievance procedure affords money-damage relief, before he may file suit contesting prison conditions in federal court.[16]  The Supreme Court has also held that this exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege

---

[13]403 U.S. 388, 297 (1971). *Bivens,* of course, is the counterpart to 42 U.S.C. § 1983, and extends the protections afforded under § 1983 to parties injured by federal actors. *See Evans v. Ball,* 168 F.3d 856, 863 n. 10(5th Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983--the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials."),*citing Abate v. Southern Pacific Transp. Co.,* 993 F.2d 107, 110 n. 14 (5th cir. 1993).

[14]The administrative remedy provisions applicable to a claim under the Federal Tort Claims Act are set out at 28 C.F.R. §§ 543.30-32(2005) and 28 C.F.R. § 14.1-14.11 (2005).

[15]42 U.S.C.A. § 1997e(a)(West Supp. 2006).

[16]*Booth,* 532 U.S. at 738-41.

excessive force or some other wrong."[17]  As the Court of Appeals for the Fifth Circuit has since explained:

> Quibbles about the nature of a prisoner's complaint, the type of remedy sought, and the sufficiency or breadth of prison grievance procedures were laid to rest in *Booth*. Justice Souter summed up the Court's conclusion in a footnote:
>> Here, we hold only that Congress has provided in § 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues.[18]

And, at the conclusion of its most recent term, the Supreme Court held that the exhaustion required by 1997e(a) is "proper exhaustion" meaning that the inmate must complete whatever administrative review steps are provided in accordance with the applicable procedural rules, without any exception for untimely, unavailable, or procedurally defective attempts at exhaustion.[19]

As he is confined within a BOP facility, Arawole must first exhaust administrative remedies on all of his prison-condition claims through the BOP. The federal Administrative Remedy Program established by the BOP is one through which an inmate may seek formal review of issues that relate to his confinement.[20] Under the Administrative Remedy Program, the inmate is to first submit a complaint informally to institution staff and, if the complaint is

---

[17]*Porter v. Nussle,* 534 U.S. 516, at 532 (2002).

[18]*Wright v. Hollingsworth,* 260 F.3d 357, 358 (5th Cir. 2001), *citing Booth,* 532 U.S. at 741 n.6.

[19]*See Woodford v. Ngo,* 126 S.Ct. 2378, 2382-2389 (2006).

[20]28 C.F.R. § 542.10 (2005).

not resolved to his satisfaction, the inmate must commence a three-tiered administrative procedure within the BOP.[21] An inmate has not fully exhausted this administrative program until he has appealed through all levels.[22]

In response to the motion to dismiss on the basis of lack of exhaustion, Arawole contends that as to his claims about the failure to provide him a wheelchair, he was initially unable to commence the informal review process because he "could not get the forms from the hospital or jail," and he then blames a counselor for failing to provide him the BP-9 form because it was more than 20 days after the incident. (Response at 6.) Arawole contends that the counselor should have given him the form to fill out, and that the counselor's failure to do so violated his right to due process and prevented him from seeking administrative review related to the wheelchair issues. (Response at 6.) But this Court is not permitted to "inquire whether administrative procedures satisfy minimum acceptable standards of fairness and effectiveness"; rather, prisoners simply "must exhaust such administrative remedies as are available, whatever they may be."[23] Even if Arawole's counselor

---

[21]*See* 28 C.F.R. §§ 542.14-15 (2005). The three steps beyond the informal-resolution stage take the complainant to the institution's administrator (warden); then if dissatisfied, through appeal to the regional director; and, if the inmate remains dissatisfied, then finally to the general counsel.

[22]*Irwin v. Hawk,* 40 F.3d 347, 349 n.2 (11th Cir. 1994), *cert denied,* 516 U.S. 835 (1995).

[23]*Alexander v. Tippah County,* 351 F.3d 626, 630 (5th Cir.2003) (citations and internal quotation marks omitted)*, cert. denied,* 541 U.S. 1012 (2004).

failed to provide him a form, this does not change the fact that Arawole could have obtained one and completed it himself, once he was returned to his institution.[24]

Arawole's failure to exhaust his claim against government defendant Hemingway with respect to the wheelchair access renders such claim for relief premature. By choosing to file and pursue a lawsuit before meeting the section 1997e exhaustion-of-administrative-remedies requirement as to claims arising "with respect to prison conditions," plaintiff Arawole has sought relief to which he was not entitled.[25]  Because Arawole's filing of such claims presently lacks an arguable basis in law, it may be dismissed for failure to state a claim upon which relief may be

---

[24]*See generally Id.* ("While it may be true that the Detention Facility's guards did not give Alexander a pre-printed grievance form, this does not change the fact that he was provided with the means to write one himself.") Although, in *Holloway v. Gunnell,* 685 F.2d 150, 154 (5th Cir. 1982), the Fifth Circuit recognized that the exhaustion requirement may be excused where prison officials ignore or interfere with an inmate's pursuit of exhaustion, that opinion preceded the amendments to 1997e(a) resulting from the passage of the PLRA. Since the passage of the PLRA, the Fifth Circuit has explained that although the prior version of § 1997e, as interpreted by the Supreme Court in *McCarthy v. Madigan*, 503 U.S. 140, 149-50 (1992), "contained a `limited' exhaustion requirement that courts had `ample discretion' to forgo [. . .] [i]n contrast, the current version at issue here provides no such discretion--exhaustion is mandatory." *Clifford v. Gibbs,* 298 F.3d 328, 332 (5th Cir. 2002)(other citations and quotations omitted). Even to the extent the *Holloway* opinion may still have precedential value, Arawole has not claimed that an official ignored, interfered, or thwarted any attempt by him to exhaust as to his lack-of-wheelchair claims.

[25]*See Underwood v. Wilson,* 151 F.3d 292, 296 (5th Cir. 1998).

granted, and the motion to dismiss on such basis must be granted.[26]

*Qualified Immunity--Not Addressed*

Defendant Hemingway also asserted the defense of qualified immunity in the motion to dismiss. Because of the Court's resolution of the other outstanding issues, its determination to afford Arawole one more opportunity to restate his complaint against Hemingway (as noted below), and as the assertion of qualified immunity through a 12(b) motion is disfavored in this circuit,[27] the Court will deny the motion on the basis of qualified immunity without prejudice to Hemingway's right to reassert such defense consistent with the deadlines in a future scheduling order.

*Further Amendment or Supplement?*

Thus, the only claim that remains pending in this suit is Arawole's claim that Linda Hemingway violated his constitutional rights in failing to provide open-toed shoes to him. Arawole has filed a motion to file what he labeled as a "Supplemental Updated and Factual Allegation." Although Arawole has cited authority

---

[26]The Court notes that under its authority under 28 U.S.C. § 1915 (e)(2)(B)(ii), it may also dismiss Arawole's retaliation claim for failure to state a claim upon which relief may be granted.  Although Arawole has asserted a distinct claim in his supplemental complaint against Hemingway based upon alleged retaliation for his complaints about her other actions, he has not shown that he pursued administrative exhaustion as to any retaliation claim. Thus, the retaliation claim will also be dismissed as required by 42 U.S.C. § 1997e(a). See Richardson v. Spurlock, 260 F.3d 495, 499 (5th Cir.2001) (affirming the district court's dismissal of a retaliation claim for failure to exhaust).

[27]*See Schultea v. Wood*, 47 F.3d 1427, 1430 ("[W]e will no longer insist that plaintiff fully anticipate the [qualified immunity] defense in his complaint at the risk of dismissal under Rule 12")(5th Cir. 1995); *see also Todd v. Hawk*, 72 F.3d 443, 446 (5th Cir. 1995).

related to providing a pro-se party an opportunity to amend prior
to dismissal, the Court has reached the dismissal motion in this
case first for several reasons.   Arawole's proposed pleading did
not include any factual allegations that would change the Court's
resolution of the timeliness of the FTCA suit or its resolution of
the exhaustion-of-remedies issue.   Further, in addition to his
initial complaint and attachments, prior to allowing service upon
the defendants, this Court already took the unusual step of
construing a pleading submitted by Arawole as a "supplemental
complaint." At that time, the Court noted to Arawole that an
amended complaint would supersede his original, and that because it
did not appear that he sought to render the initial complaint and
attachments a nullity, the Court would construe the submitted
pleading as supplemental to the original complaint. Yet Arawole
still wants to add further recitation of much of the allegations
and arguments he has already provided. But such piecemeal
construction of pleadings is disfavored.[28] Thus, Arawole's motions
for leave to supplement with the proposed "supplemental complaint"
will be denied. The Court, however, will give Arawole additional
time to determine whether he wishes to stand on his existing
complaint and supplemental complaint, or file an amended complaint,
as to his remaining claim against Hemingway. The Court will not

---

[28]*See Mendez through Mendez v. Rutherford,* 655 F.Supp. 115, 117 (N.D.Ill.
1986).

issue a scheduling order until the time expires for Arawole to file any such amended pleading.

*Order*

Therefore, the motion to substitute party [docket no. 27] is GRANTED, such that the United States of America is substituted for Linda Hemingway on any claim under the Federal Tort Claims Act.

The motion to dismiss [docket no. 30] is GRANTED to the extent that all claims under the Federal Tort Claims Act are DISMISSED for lack of subject matter jurisdiction; and all claims against Linda Hemingway for violation of constitutional rights arising out of the failure to provide a wheelchair or the adequacy of any wheelchair, are DISMISSED WITH PREJUDICE to refiling in forma pauperis.[29]

Arawole's claim of retaliation against Linda Hemingway is DISMISSED WITH PREJUDICE to refiling in forma pauperis pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[30]

---

[29]Such a dismissal is without prejudice to refiling a fee-paid complaint making the same allegations with proof of satisfaction of exhaustion of administrative remedies. *See Wright,* 260 F.3d at 359 (holding that dismissal for the failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a)should be without prejudice and that the applicable statute of limitations should be equitably tolled during the pendency of dismissed suit and any additional administrative proceedings); *; see also Smith v. Strain,* No.Civ.A. 03-612, 2004 WL 1837380, at *2 (E.D. La. Aug. 17, 2004)("If an inmate files in federal court an *in forma pauperis* complaint containing claims that have not been exhausted through available administrative remedies, those claims should be dismissed without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915").

[30]This claim, too, is without prejudice to refiling a fee-paid complaint. *See supra* note 29.

14

The motions for leave to file a supplemental updated factual allegation [docket nos. 37 and 39] are DENIED. To the extent plaintiff Arawole seeks to further amend the remaining claim before the Court against defendant Linda Hemingway, he must file any such amended complaint within thirty days of the date of this order.[31]

SIGNED August 11, 2006.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[31]Arawole is cautioned again that an amended complaint entirely supersedes and takes the place of an original pleading, rendering the original complaint of no legal effect. *See Clark v. Tarrant County*, 798 F.2d 736, 740 (5th Cir. 1986); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985). Thus, if he chooses to file an amended complaint, the Court will review only that document in future consideration of Arawole's remaining claim.