```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                       FORT WORTH DIVISION


ALANI OLUSEGUN ARAWOLE,          §
(BOP #32837-037)                 §
VS.                              §  CIVIL ACTION NO.4:04-CV-506-Y
                                 §
LINDA HEMINGWAY,                 §
Chief Therapist                  §
Rehabilitation Department,       §
FMC--Fort worth, et al.          §
```

ORDER GRANTING DEFENDANT HEMINGWAY'S MOTION FOR SUMMARY JUDGMENT

Now pending before the Court is the November 17, 2006, motion for summary judgment of defendant Linda Hemingway, accompanied by a brief in support and an appendix. Plaintiff Alani Olusegun Arawole did not file a response to the motion for summary judgment. He did file, on October 18, 2006, a document that the Court construed as a Federal Rule of Civil Procedure Rule 7(a) reply to the defendant's plea of qualified immunity, as well as a document the Court directed to be filed on November 13, 2006, as a brief in support of the reply. By the motion for summary judgment, Hemingway asserts a qualified-immunity defense to Arawole's only remaining claim before the Court: that Hemingway was deliberately indifferent to Arawole's serious medical needs as a diabetic in refusing to allow him to wear open-toed sandals that he had made for himself. For the reasons set forth below, the Court concludes the motion for summary judgment must be granted.

*Summary-Judgment Evidence*

The appendix submitted by Hemingway in support of her motion for summary judgment consists of her November 17, 2006, Declaration, along with a four-page policy document of FMC--Fort Worth entitled "Diabetic Foot Care Clinic, Rehabilitation Service." Because no objections have been raised to the policy document included in the appendix, the evidence included therein is properly before the Court.[1] As noted above, although Arawole has not responded to the motion, as he expressly declared that his form complaint was true and correct under penalty of perjury, this Court is required to consider that document as competent summary-judgment evidence.[2]

*Summary-Judgment Standard*

Summary judgment is appropriate when the record establishes "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[3] The party moving for summary judgment has the initial burden of informing the Court of the basis for his motion and producing evidence that tends to show that no genuine issue as to any

---

[1] Although this document is not presented as a certified copy or otherwise authenticated sufficiently to be considered as sufficient summary- judgment evidence over objection, Plaintiff has not objected to or contested it. Thus, for the purposes of this motion, the Court will consider the document.

[2] *See Nissho-Iwai American Corp. v. Kline,* 845 F.2d 1300, 1306 (5th Cir. 1989). Arawole's supplemental complaint was not sworn to under penalty of perjury, so it is not considered as evidence.

[3] FED. R. CIV. P. 56(c).

2

material fact exists and that he is entitled to judgment as a matter of law.[4] Once the moving party has made such a showing, the non-moving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing the existence of a genuine issue for trial.[5] Whether an issue is "genuine" involves a determination of whether it is "real and substantial, as opposed to merely formal, pretended, or a sham."[6] A fact is "material" if its resolution in favor of one party might affect the outcome of the action under governing law.[7] No genuine issue of material fact exists if no rational trier of fact could find for the nonmoving party based on the evidence presented.[8] The Court must consider all evidence in the light most favorable to the nonmoving party.[9]

*Analysis*

Defendant Hemingway seeks summary judgment on the basis that she is entitled to a qualified immunity from Plaintiff's lone

---

[4] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986).

[5] *Id.*, at 322-23; *Anderson,* 477 U.S. at 257.

[6] *Bazan v. Hidalgo County,* 246 F.3d 481, 489 (5th Cir. 2001)(noting that only genuine and substantial issues may subject a defendant to the burden of trial)(quoting *Wilkinson v. Powell,* 149 F.2d 335, 337 (5th Cri. 1945).

[7] *See Anderson,* 477 U.S. at 248.

[8] *See National Ass'n of Gov't Employees v. City Pub. Serv. Bd.,* 40 F.3d 698, 712-13 (5th Cir. 1994).

[9] *See Id.* at 713.

3

remaining claim of deliberate indifference to his serious medical needs as a diabetic based upon the failure to allow him to wear open-toed sandals. Qualified immunity protects government officials performing discretionary functions from personal liability as long as their conduct violates no clearly established constitutional or federal statutory rights.[10] To overcome such an official's immunity from suit, a plaintiff must allege violation of a right so apparent or so obvious that a reasonable official would understand that what he is doing violates that right.[11] When a defendant pleads qualified immunity, as Hemingway has done, the Court must initially determine whether the plaintiff has asserted a violation of a constitutional or statutory right at all.[12] This is the first prong of a two-prong test. The Court need go no further if the plaintiff has failed to produce evidence that the defendant violated a constitutional or federal statutory right.[13] If a violation is shown, the Court must reach the second prong, which involves essentially two separate inquiries: whether the allegedly violated right was "clearly established" at the time of the incident;[14] and, if so, whether a

---

[10] *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Sorenson v. Ferrie,* 134 F.3d 325, 327 (5th Cir. 1998).

[11] *See Anderson v. Creighton,* 483 U.S. 635, 640 (1987).

[12] *See Saucier v. Katz,* 533 U.S. 194, 201 (2001).

[13] *See Hassan v. Lubbock Indep. Sch. Dist.,* 55 F.3d 1075, 1079 (5th Cir.), *cert. denied,* 516 U.S. 995 (1995).

[14] *See Saucier,* 533 U.S. at 202.

4

reasonable government official in the defendant's situation would have understood that his conduct violated that right.[15] In Hemingway's brief in this action, she concedes that Arawole satisfied his burden to allege a constitutional violation. Thus, review turns to the bifurcated inquiry within the second prong.

In order for a right to be "clearly established" the contours of the right "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful . . . but it is to say that in light of pre-existing law the unlawfulness must be apparent."[16] If the law does not put the defendant on notice that his conduct would clearly be unlawful, summary judgment based on qualified immunity is appropriate.[17] With regard to the question of whether the defendant's conduct violated a clearly established right, a defendant's "acts are held to be objectively reasonable unless all reasonable officials in the defendant's circumstances would have then known that the defendant's conduct violated the United States Constitution . . .

---

[15]*See Anderson,* 483 U.S. at 641.

[16]*Hope v. Pelzer*, 536 U.S. 730, 739 (2002)(quoting *Anderson,* 483 U.S. at 640); *see also Saucier,* 533 U.S. at 202 ("[T]he right the official is alleged to have violated must have been clearly established in a more particularized, and hence more relevant, sense")(quoting *Anderson,* 483 U.S. at 640).

[17]*Saucier,* 533 U.S. at 202.

5

."[18] As the inquiry "turns only upon the objective reasonableness of the defendant's acts, a particular defendant's subjective state of mind has no bearing on whether that defendant is entitled to qualified immunity."[19]

As shown in Hemingway's brief in support of the motion for summary judgment, Arawole has not shown that there are genuine issues of fact material to the resolution of either element of the second prong of the qualified immunity analysis. Arawole has provided nothing to support a claim that there was a clearly established right in 2003 for a diabetic inmate patient to be allowed to wear open-toed shoes of his own design. Rather, the summary-judgment evidence shows that open-toed shoes are not indicated for diabetic patients, and that there was a policy then in existence at FMC--Fort Worth regarding the provision of foot care for diabetic patients, including allocation of extra-depth shoes. Inmate Arawole's disagreement with that standard and policy does not create any clearly established right. On the contrary, an inmate's disagreement with his treatment does not state a claim of deliberate indifference to his medical needs.[20]  Arawole has not established that there are genuine issues of fact on whether he had

---

[18]*Thompson v. Upshur County,* 245 F.3d 447, 457 (5th Cir. 2001)(citations omitted).

[19]*Id.*

[20]*Norton v. Dimazana,* 122 F.3d 286, 292 (5th Cir. 1997).

a clearly established right to wear open-toed shoes.

Furthermore, Arawole has presented nothing to create a genuine issue of fact on the objective reasonableness of Hemingway's actions. The summary-judgment record establishes that she denied him the use of open-toed shoes for several reasons: the shoes were not medically indicated, included unauthorized duct-tape, and subjected him to the risk of unnecessary cuts and infections. Hemingway's actions based upon these legitimate medical and policy reasons consistent with her treatment of and interaction with patient Arawole, cannot be said to be objectively unreasonable.

Therefore, Hemingway's November 17, 2006, motion for summary judgment [docket no. 57] is GRANTED.  Plaintiff shall take nothing on his remaining claims against defendant Linda Hemingway and such claims are DISMISSED WITH PREJUDICE.

SIGNED January 18, 2007.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE